STERN LAW, LLC
1913 Greentree Road
Cherry Hill, NJ 08003
(856) 685-7600
Attorney for Plaintiffs

---

| | |
|---|---|
| ANTHONY G. PAPARIELLO, DONNA PAPARIELLO ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 (Fictitious individuals, partnerships, corporations and/or other business entities) Jointly, Severally and/or in the Alternative ) <br> Defendants. ) | DISTRICT COURT OF NEW JERSEY <br> DOCKET NO. <br><br> Civil Action <br><br> **VERIFIED COMPLAINT IN SUPPORT OF ORDER TO SHOW CAUSE FOR INJUNCTIVE RELIEF WITH TEMPORARY RESTRAINTS** |

---

Plaintiffs, Anthony G. Papariello and Donna Papariello, residing at 1 Ridge View Drive Manchester, New Jersey 08759, by way of Verified Complaint against Defendants, herein says:

## INTRODUCTION

1. This is an action by Anthony G. Papariello and Donna Papariello, Plaintiffs, to enjoin Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 from publishing false, defamatory, and libelous content against Plaintiffs, to enjoin said Defendants from copyright infringement of Plaintiffs' works, and to recover damages arising from the above listed claims.

## PARTIES

2. Anthony G. Papariello is a private individual residing in Manchester, New Jersey.

Anthony G. Papariello is employed as an in-home salesman for basement waterproofing systems. Anthony G. Papariello's company does business in New Jersey, Pennsylvania, Delaware, and Maryland. Anthony G. Papariello's job requires him to enter the private residences of prospective clients/customers, and as such his livelihood depends on his personal reputation within the community. Anthony G. Papariello is the subject of false, defamatory, and libelous content on the website anthonygpapariello.com.

3.   Donna Papariello is the spouse of Anthony G. Papariello. Donna Papariello is the copyright holder of a photograph depicting Anthony G. Papariello on a beach and which is displayed without authorization on the website anthonygpapariello.com.

4.   Plaintiffs are informed and believe, and based thereon allege, GODDADDY.COM LLC, a/k/a GoDaddy.com, a/k/a GoDaddy, a/k/a Go Daddy, is an internet domain registrar and web site hosting company headquartered at 14455 North Hayden Road #219, Scottsdale, Arizona 85260. GoDaddy.com hosts the websites anthonygpapariello.com and anthonypapariello.com.

5.   Plaintiffs are informed and believe, and based thereon allege, DOMAINS BY PROXY LLC, a/k/a/ Domains by Proxy, a/k/a DBP, is a company headquartered at 14747 N. Northsight Blvd., Suite 111, Scottsdale, Arizona 85260. Domains by Proxy provides anonymity to the owners of web domains by serving as the official Registrant of a web domain as required by ICANN, the Internet Corporation for Assigned Names and Numbers. Domains by Proxy is the official registrant of the websites anthonygpapariello.com and anthonypapariello.com.

6.   Plaintiffs are informed and believe, and based thereon allege, JOSEPH PAPARIELLO is an individual who resides in Sarasota, Florida, or thereabout, and is the owner of a computer and internet business, ABSOLUTE COMPUTERS, INC., doing business at 743 Tuxford Drive, Sarasota, Florida 34232. Joseph Papariello is the owner and operator of

anthonygpapariello.com and anthonypapariello.com, on which he has published false, defamatory, and libelous content against Plaintiff, Anthony G. Papariello, and on which he has posted photographs infringing upon copyrights owned by Plaintiffs, Anthony G. Papariello and Donna Papariello, and infringing upon the right of publicity of Plaintiff, Anthony G. Papariello.

7. ABSOLUTE COMPUTERS, INC. is an active corporation in the State of Florida, and is owned and operated by Joseph Papariello from his Florida home. ABSOLUTE COMPUTERS, INC. is on inactive status as a corporation in the State of Georgia however; Joseph Papariello continues to do some business using ABSOLUTE COMPUTERS, INC.'s former Georgia address.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 9, are unknown to Plaintiffs, which sues said Defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave of court to amend this Complaint to state their true names and capacitates when ascertained. Plaintiffs are informed and believe and based thereon allege that the Doe Defendants should also be subject to the relief requested herein.

9. GOOGLE INC. is a company in the business of indexing web pages for the purpose of selling advertisements alongside web search results. Google periodically makes a copy of websites, a process called "caching." A cached webpage may therefore be visible through a Google search even after the original webpage has been removed.

10. JOHN DOE 1-99 are fictitious individuals partnerships, corporations and/or other business entities, including but not limited to websites, web search engines, and web archives, that have published or republished the false, defamatory, and libelous language and infringing photographs from anthonygpapariello.com. Such republication is a perpetration of the illegal and

tortious content of the offending website.

**JURISDICTION AND VENUE**

11. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions)

13. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of New Jersey pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

14. The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of New Jersey and have committed unlawful and tortious acts both within and outside the State of New Jersey causing injury in New Jersey. Plaintiffs' claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

**VENUE**

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and/or 1400(a). Plaintiffs reside in this District, id. § 1391(c). Further, a substantial part of the acts complained of herein occurs or has occurred in this District.

**BACKGROUND**

16. On or about October 13, 2012, Anthony G. Papariello and his wife, Donna Papariello, were conducting a web search in attempt to find a family member's weblog. A search using Anthony Papariello's name as the primary search term led them to the website anthonygpapariello.com.

17. Mr. and Mrs. Papariello were shocked to find published on the aforesaid website four photographs clearly depicting Anthony G. Papariello, alongside false, defamatory, and libelous language accusing him in vague terms of engaging in criminal and socially despicable behavior.

18. An investigation revealed that the web domain anthonypapariello.com directs visitors to anthonygpapariello.com, effectively republishing the content of the primary web page and doubling potential exposure.

19. Further investigation of the website revealed that both web pages are owned and maintained by Anthony G. Papariello's brother, Defendant Joseph Papariello. At the time these sites were discovered, anthonygpapariello.com was registered through the anonymous proxy service, DOMAINS BY PROXY LLC, but anthonypapariello.com was registered to Defendant Joseph Papariello's business, ABSOLUTE COMPUTERS, INC.

20. Further investigation also revealed that, anthonypapariello.com, was redirecting visitors to anthonygpapariello.com, constructively doubling the potential web traffic.

21. An investigation using the ICANN (Internet Corporation for Assigned Names and Numbers) Whois service revealed that both web domains are registered through and hosted by GODADDY.COM LLC.

22. An investigation using the ICANN Whois service revealed that anthonygpapariello.com was registered by DOMAINS BY PROXY LLC, a company in the business of holding official registration to web domains while keeping anonymous the domains' true owners. The same investigation revealed that anthonypapariello.com is owned by Defendant Joseph Papariello, through his company ABSOLUTE COMPUTERS, INC., currently a Florida corporation and formerly and/or concurrently a Georgia corporation.

23. The same investigation revealed that anthonypapariello.com was registered on October 21, 2012, and that anthonygpapariello.com was registered on August 15, 2010. The investigation did not reveal to whom each domain was originally registered, or what dates and to whom each domain was registered prior to the above-listed dates.

24. Further investigation using the Wayback Machine (waybackmachine.org), a project of the Internet Archive, revealed the history of use of these two web domains.

25. Archived pages from the Wayback Machine show that anthonypapariello.com has been used to direct visitors to a web page for Defendant Joseph Papariello's business, Absolute Computers, Inc., since at least April 28, 2001. This use continued through at least February 7, 2011. At some point on or before October 13, 2012, anthonypapariello.com began directing visitors to anthonygpapariello.com.

26. Archived pages from the Wayback Machine show that anthonygpapariello.com was previously used to host information, or to direct visitors to a page and/or pages hosting information, about Defendant Joseph Papariello's business, Absolute Computers, Inc. An archive of the site from February 9, 2011, shows text suggesting that the site will "soon" feature a sexual offender registry or search tool, but also contains email links to Defendant Joseph Papariello's business email, to a list of domains for sale, and to Absolute Computing, Inc.'s "home" site therealcomputerguy.com. All these elements are currently present on therealcomputerguy.com.

27. DEFENDANT JOSEPH PAPARIELLO has been the owner of the web domain anthonygpapariello.com since at least October 24, 2010. From that time until February 7, 2011, this web domain has either published or redirected visitors to another site that published or publishes business information for Defendant Joseph Papariello's business, ABSOLUTE COMPUTERS, INC.

28. Further investigation revealed that Joseph Papariello has owned and operated the web domain anthonypapariello.com since at least October 24, 2000. From October 24, 2000 to February 7, 2011, the web domain either published, or directed visitors to another site, which published information about Defendant Joseph Papariello's business, Absolute Computers, Inc.

29. It is unknown on what date anthonypapariello.com began redirecting visitors to anthonygpapariello.com. However, given the extremely long time during which Defendant Joseph Papariello maintained a business presence at anthonypapariello.com, it is reasonable to assume that repeat visitors of that site are now being redirected to anthonygpapariello.com.

30. Defendant Joseph Papariello used the equipment and resources of his company, ABSOLUTE COMPUTERS, INC., of Sarasota, Florida, formerly of Covington, Georgia, to register the web domains at issue and to publish the content contained therein.

31. At some point between February 7, 2011, and the present, Defendant Joseph Papariello began directing the stream of customers who had been visiting anthonypapariello.com for over a decade, in order to access information about Absolute Computers, Inc., to anthonygpapariello.com, thereby directing his business contacts to the material complained of herein.

32. Defendant Joseph Papariello published false, defamatory, and libelous statements about Anthony G. Papariello to the website at anthonygpapariello.com.

33. Defendant Joseph Papariello published photographs depicting Anthony G. Papariello to the web site at anthonygpapariello.com.

34. At the time of the initial investigation, the website at anthonygpapariello.com consisted of a black background, large bold text, and a GIF (Graphical Interchange Format) image slideshow including four photographs depicting Anthony G. Papariello.

35. The content herein complained of is hosted at the web domain anthonygpapariello.com. The web address anthonypapariello.com automatically redirects visitors to the website anthonygpapariello.com and in doing so constructively republishes the contents of the site and doubles potential traffic to the site.

36. The use of Anthony G. Papariello's name as the domain for this webpage grossly increases the likelihood that any web search for Anthony G. Papariello will reveal the existence of and direct users to the webpage at issue and that visitors will be likely to connect the contents of the webpage to the Plaintiff. Plaintiffs' own web searches using Anthony Pappariello's name generated search results linking Plaintiffs' to the complained-of site.

37. On October 19, 2012, a take-down request pursuant to the Digital Millennium Copyright Act was filed with the copyright complaints department of GoDaddy.com and without the requirements of GoDaddy.com's internal copyright complaints policy. The complaint detailed the nature of the complaint and properly identified the infringed works complained of and being hosted on GoDaddy's servers.

38. Also on October 19, 2012, GoDaddy.com refused to take down the complained-of website.

39. Also on October 19, 2012, a new take-down request was submitted to GoDaddy.com notifying them a second time of the ongoing infringement and demanding a prompt response.

40. GoDaddy.com failed to respond to the second take-down request submitted on October 19 despite being put on timely and sufficient notice of the ongoing infringement.

41. On October 24, 2012, GoDaddy.com was issued notice that Plaintiffs would seek damages from GoDadddy.com due its failure to timely respond to and remove the illegal and

tortious content of the offending website.

42. On October 24, 2012, GoDaddy.com responded to notice that Plaintiffs would be seeking damages by finally blocking and/or removing the content of anthonypapariello.com and anthonygpapariello.com.

43. Following GoDaddy.com's removal/blocking of the web page, Google retained a cached image of the web page.

44. A request that Google remove the cached page was promptly submitted through its automated system.

45. Google removed the cache within 24 hours.

46. Following GoDaddy.com's removal/blocking of the web page, several other unknown web pages and individuals continued to perpetrate the criminal and tortious conduct complained of by continuing to republish the content originally complained of.

47. On October 25, 2012, it was discovered that anthonypapariello.com and anthonygpapariello.com had been reinstated to active status by GoDaddy.com, that Joseph Papariello had changed the language posted on each site, and that the photographs of Anthony G. Papariello had been removed.

48. The language posted on anthonypapariello.com at the time of filing of this suit says, "Fact or Fiction??? Wait until you see what's coming next!" The source code of the web page includes keyword information that says, "Fact or Fiction??? Wait until you see what's coming next! new jersey, child molester, children, keep children safe, do not trust, pervert, MOLESTED, child molester, My Next Oldest Brother."

49. The language posted on anthonygpapariello.com at the time of filing of this suit says, "Have you been molested by a family member? I was. Family is supposed to protect,

influence and guide you as a child - NOT Molest you! You know who you are. Never put a question mark where God has put a period." The source code of the web page include keyword information that says, "content="new jersey, child molester, children, keep children safe, do not trust, pervert, MOLESTED, child molester, My Next Oldest Brother."

50. The purpose of keyword language is to mark a page with potential search terms, which in turn are used by search engines when users enter those search terms. The search terms on these websites, while not ordinarily viewed by casual or intermittent visitors, nonetheless may direct visitors using such search terms to the sites in question. Defendant Joseph Papariello has thus effectively posted signposts directing Internet users interested in finding information about child molesters in New Jersey to a site using Plaintiff Anthony G. Papariello's name and likeness. Concurrently, these pages are optimized by name and search terms to direct Internet users searching for information about Anthony G. Papariello to the web pages in question.

51. Defendant Joseph Papariello has thus so far displayed an intention to willfully and continuously pursue his campaign of falsehoods, defamation, and libel against Plaintiff Anthony G. Papariello and to infringe upon his right of publicity.

52. Following the update of these websites, Google search results now display cached versions of, and by extensions republish, the web pages complained of.

53. Supplemental investigation revealed the timeline of registration ownership of the web domains anthonygpapariello.com and anthonypapariello.com. Both web domains are currently registered to Domains by Proxy, LLC. However, both web domains were previously registered to Absolute Computers, Inc., the business owned by Joseph Papariello.

54. This supplemental investigation revealed that on and before October 23, 2012, anthonypapariello.com was registered to Absolute Computers, Inc., and that on July 8, 2007,

Joseph Papariello was also listed as the administrative contact for the domain name.

55. On October 26, 2012, just two days after GoDaddy.com disabled the website for copyright violations, and just one day after the website was restored to service, anthonypapariello.com was registered to Domains by Proxy, LLC.

56. The rapid change in domain registration information, clearly in response to the copyright violation takedown, was obviously performed in an attempt by Joseph Papariello to shield his involvement, and the involvement of his company, in the perpetration of copyright violations and tortious conduct against Plaintiffs.

57. This supplemental investigation also revealed that Absolute Computers, Inc. was the registered owner of anthonygpapariello.com until at least December 27, 2011, and that registration was transferred to Domains by Proxy, LLC, on or before March 11, 2012.

58. It is unknown on what date, precisely, Joseph Papariello began his perpetration of copyright violations and tortious conduct against Plaintiffs on the website at anthonygpapariello.com. It is clear, however, that registration of the web domain was transferred by Joseph Papariello in an attempt to hide his involvement, and that of his company.

59. The pattern of transferred registration to Domains by Proxy, LLC, indicates a pattern of attempts by Joseph Papariello to avoid detection of his activities and possibly to evade attempts by Plaintiffs to enforce their rights through the legal process.

**FIRST COUNT**

(Rights of Attribution and Integrity, 17 USC § 106A(a))

60. Plaintiffs, Anthony G. Papariello and Donna Papariello, repeat and incorporate by reference each and every allegation of the preceding sections as if fully set forth herein.

61. At all times relevant hereto, Plaintiffs have been the producers and owners of

photographic works reproduced, distributed, and publicly displayed by Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 through various online web sites, including without limitation anthonygpapariello.com and anthonypapariello.com.

62. The photographs are plainly the primary subjects of the entire webpage. The text of the webpage consists of false, libelous, and defamatory language.

63. Without authorization, Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 reproduced and distributed the Plaintiffs' copyrighted works.

64. The display of the aforementioned photographic works alongside the false, libelous, and defamatory language presented at anthonygpapariello.com is an intentional distortion, mutilation, and modification of the photographic works and is prejudicial to the honor and reputation of Plaintiffs under 17 USC § 106A(a).

65. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 infringed the copyrights in Plaintiffs' creative works by reproducing, distributing, and/or publicly displaying the works without proper approval or authorization of Plaintiff.

66. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 knew

the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiffs' works.

67. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 knew their acts constituted copyright infringement.

68. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 conduct was willful within the meaning of the Copyright Act.

69. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff Anthony G. Papariello has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

70. Plaintiffs are entitled to recover damages, which include their losses and any and all profits Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c).

71. In addition, because Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN

DOE 1-99 infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) (punitive damages).

72. Plaintiffs are entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

73. **WHEREFORE**, Plaintiffs demand judgment against Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**SECOND COUNT**

(Demand for Specific Performance)

74. Plaintiffs, Anthony G. Papariello and Donna Papariello, repeat each and every allegation of the preceding sections as if fully set forth herein.

75. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 have intentionally denied Plaintiffs' request to take down the offending webpage in a timely manner or at a minimum to remove the infringing material from the offending webpage.

76. The online publication of the offending webpage constitutes an ongoing harm.

77. Plaintiffs seek to compel Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 to remove the offending web page, or to remove the material thereon, pending

resolution of this action.

78.  **WHEREFORE,** Plaintiffs demand judgment compelling Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 to immediately remove or block public access to the webpage anthonygpapariello.com.

79.  **WHEREFORE,** Plaintiffs demands judgment against Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**THIRD COUNT**

(Demand for Specific Performance)

80.  Plaintiffs, Anthony G. Papariello and Donna Papariello, repeat each and every allegation of the preceding sections as if fully set forth herein.

81.  Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 have exacted real and continuing harm upon the Plaintiffs' likeness, reputation in the community and otherwise sullied their name.

82.  The online publication of the offending webpage constitutes a past, present and future harm.

83.  Plaintiffs seek to compel Defendants, JOSEPH PAPARIELLO, ABSOLUTE

COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 to remove the offending web page permanently and further, to compel Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 to surrender the ownership of the Plaintiffs' likeness as a web domain permanently and to be further enjoined from ever using the Plaintiffs' likeness ever again in any capacity either on the Internet or other form of publication.

84. **WHEREFORE**, Plaintiffs demand judgment compelling Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 to immediately and permanently remove the webpage anthonygpapariello.com and compelling Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 to surrender ownership of the web domains anthonygpapariello.com and anthonypapariello.com and enjoining Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 from ever using the Plaintiffs' likeness ever again.

85. **WHEREFORE**, Plaintiffs demands judgment against Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY

LLC, GOOGLE INC., JOHN DOE 1-99 for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## FOURTH COUNT

(Infringement of Right of Publicity)

86. Plaintiffs, Anthony G. Papariello and Donna Papariello, repeat each and every allegation of the preceding sections as if fully set forth herein.

87. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 use of Plaintiff Anthony G. Papariello's name and likeness have infringed upon his right of publicity under common law and New Jersey State law.

88. **WHEREFORE**, Plaintiffs demands judgment against Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## FIFTH COUNT

(Libel and Defamation of Character)

89. Plaintiffs, Anthony G. Papariello and Donna Papariello, repeat each and every allegation of the preceding counts as if fully set forth herein.

90. Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 have

posted false, libelous, and defamatory language alongside photographs of the Plaintiff Anthony G. Papariello on the webpage anthonygpapariello.com, have linked to that site via anthonypapariello.com.

91. These actions by Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 are an invasion of Plaintiffs' privacy and have directly harmed Plaintiffs' business and personal reputation.

92. **WHEREFORE**, Plaintiffs demands judgment against Defendants, JOSEPH PAPARIELLO, ABSOLUTE COMPUTERS, INC. (a Florida corporation), ABSOLUTE COMPUTERS, INC. (a Georgia corporation), GODADDY.COM LLC, DOMAINS BY PROXY LLC, GOOGLE INC., JOHN DOE 1-99 for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

STERN LAW, LLC

By: _____
JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

**JURY DEMAND**

**PLEASE TAKE NOTICE** that the Plaintiff(s) in the within action hereby demand(s) a trial by jury of six (6) persons pursuant to the Rules of the Court.

STERN LAW, LLC

By: _____

JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

### NOTICE PURSUANT TO RULES Rule 1:5-1(a) and Rule 4:17-4 (c)

**TAKE NOTICE** that the undersigned attorney, counsel for the Plaintiff, hereby demands pursuant to Rule 1:5-1(a) and Rule 4:17-4 (c) that each party herein serving pleadings and interrogatories and receiving answers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned attorney and **TAKE NOTICE** that there is a continuing demand.

STERN LAW, LLC

By: _____
JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

### DEMAND FOR INTERROGATORIES

Plaintiff(s) demand(s) Defendant(s) answer form Interrogatories C and C(2) of Appendix II of the Rules of Court.

STERN LAW, LLC

By: _____
JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

### NOTICE OF UTILIZATION OF TIME UNIT METHOD OF CALCULATING DAMAGES

Be advised that Plaintiff(s) may utilize the time unit method for calculating damages at the time of trial.

STERN LAW, LLC

By: _____

JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

## NOTICE TO UTILIZE MEDICAL ILLUSTRATIONS

Plaintiffs' experts may utilize medical charts and/or medical diagrams and/or medical illustrations of the affected areas of the body at the time of trial.

STERN LAW, LLC

By: _____
JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

## NOTICE OF TRIAL COUNSEL

**PURSUANT TO COURT RULES, PLEASE TAKE NOTICE** that **JEFFREY N. STERN, ESQ.**, is hereby designated as trial counsel in this cause of action.

STERN LAW, LLC

By: _____
JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012

## CERTIFICATION

Pursuant to Rule 4:5-1, after my initial investigation of this matter, it does not appear that there are any other related arbitrations or actions.

STERN LAW, LLC

By: _____
JEFFREY N. STERN
Attorney for Plaintiff

Dated: November 2, 2012